## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMY ROBERTSON, | ) |
|        Plaintiff, | ) |
| v. | ) CIVIL ACTION |
| | ) No. 11-1368-JWL |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social Security, | ) |
|        Defendant. | ) |

## ORDER EXTENDING TIME TO FILE A NOTICE OF APPEAL
## AND DENYING MOTION FOR RECONSIDERATION

The court entered judgment in this case on January 25, 2013, dismissing Plaintiff's claims for actual and punitive damages, and affirming the June 10, 2010 decision of the Commissioner of Social Security which awarded Plaintiff Supplemental Security Income benefits under §§ 1602, and 1614(a)(3)(A) of the Social Security Act. (Doc. 25). On March 25, 2013, Plaintiff filed a "Motion for Extension to Appeal from Judgment and Motion for Reconsideration pursuant to Fed. R. Civ. P. 7.3(b)(3), and Rule 7.2(a)(b)(3)."

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

(Doc. 28) (hereinafter Pl. Mots.). On April 8, 2013, the Commissioner timely filed her response. (Doc. 29) (hereinafter Comm'r Response). In her response, the Commissioner noted that she does not oppose an extension of time to file a Notice of Appeal, but asks that the time be brief. (Comm'r Response 2, n.2). The Commissioner also construes Plaintiff's motion as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and argues that that motion should be denied since Plaintiff does not establish grounds justifying such relief. (Comm'r Response 3-4).

I.  **Motion for Reconsideration**

The title of Plaintiff's motions states that they are made "pursuant to Fed. R. Civ. P. 7.3(b)(3), and Rule 7.2(a)(b)(3)." However, there is no Federal Rule numbered 7.2 or 7.3. But, the District of Kansas has local rules numbered 7.2 and 7.3. D. Kan. R. 7.2 & 7.3. Local Rule 7.2 concerns oral arguments on motions and does not apply here because neither party has sought oral arguments and the court does not find oral arguments helpful in the circumstances. Local Rule 7.3 deals with motions to reconsider and seems to be the basis for Plaintiff's motion for reconsideration. 7.3(a) concerns dispositive orders and judgments, whereas 7.3(b) concerns non-dispositive orders. Because Plaintiff seeks "reconsideration of the judgment rendered on January 25, 2013" (Pl. Mots. 1), the court finds that she is seeking reconsideration pursuant to Local Rule 7.3(a) which instructs that a party seeking reconsideration of a judgment "must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." Therefore, the court will consider Plaintiff's motion for reconsideration pursuant to those federal rules.

Plaintiff does not indicate in her motion whether she is invoking Federal Rule of Civil Procedure 59 or 60. If a motion is filed within twenty-eight days of the judgment, then the court normally treats it as a Rule 59(e) motion to alter or amend the judgment. See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). If filed more than twenty-eight days after entry of judgment, the court must treat it as a Rule 60(b) motion for relief from judgment. See Weitz v. Lovelace Health Sys., Inc., 214 F.3d 1175, 1181 (10th Cir. 2000) (untimely motion to alter or amend construed as a motion for relief under Rule 60(b)); Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (same).

Since Plaintiff's motion was filed on March 25, 2013, more than twenty-eight days after judgment was entered on January 25, 2013 (and more than twenty-eight days after the court's Nunc Pro Tunc order was entered on January 28, 2013), the court treats it as a motion for relief from judgment pursuant to Rule 60(b). "[R]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996) (quoting Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990)); see also Servants of the Paraclete, 204 F.3d at 1009. A party can show exceptional circumstances "by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment." Van Skiver v. United States, 952 F.2d 1241, 1243–44 (10th Cir. 1991). Rule 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Plaintiff did not recite any of the exceptional circumstances warranting relief under Rule 60(b), nor does the court's reading of the parties' papers and the record disclose the existence of any such circumstances. This fact alone warrants the denial of Plaintiff's motion. Van Skiver, 952 F.2d at 1243 (noting that the "court need not, and does not, address the merits of the motion to reconsider [when] the plaintiffs have failed to demonstrate any basis for Rule 60(b) relief"). Even so, the court, construing the motion in the light most favorable to Plaintiff given her pro se status, Van Skiver, 952 F.2d at 1244 (citing Haines v. Kerner, 404 U.S. 519 (1972)), will analyze her motion as if relief had been invoked under each ground in Rule 60(b).

A party may obtain relief from judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The "mistake" provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without

authority from a party, or (2) ... the judge has made a substantive mistake of law or fact in the final judgment or order. Cashner, 98 F.3d at 576.

In her motion, Plaintiff points to no excusable litigation mistake which would warrant relief from judgment, but it is clear that she believes the court made a substantive mistake of law or fact in it's review of the Commissioner's decision. At page four in her motions, Plaintiff suggests that the court's decision is contrary to its earlier decision in Phelps v. Astrue, No. 11-1212 (Doc. 15, p. 14) (D. Kan. June 11, 2012), but she does not explain the error allegedly made and the court's review does not reveal error. Plaintiff also suggests that the opinion of the state agency consultant, Dr. Cohen, was hearsay which should not have been considered by the court. (Pl. Mots. 4). However, she does not argue that Dr. Cohen's expert opinion was based upon anything other than a first-hand review of medical records properly admitted into the proceedings below, she does not argue that judicial review pursuant to 42 U.S.C. § 405(g) might be based upon anything other than the transcript of the record, and she does not demonstrate how the opinion was erroneously admitted below. Finally, Plaintiff alleges error in the court's refusal "to allow discovery and a right to Jury Trial." (Pl. Mots. 5). However, discovery and a jury trial are not permitted in judicial review of a decision of the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g), and Plaintiff points to no authority otherwise. Plaintiff has not shown "mistake, inadvertence, surprise, or excusable neglect" to justify relief from judgment.

A party may seek relief from judgment based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). "A party seeking a new trial on newly discovered evidence must show (1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence could not be merely cumulative or impeaching; (4) the newly discovered evidence was material; and (5) that a new trial, with the newly discovered evidence, will probably produce a different result." Joseph v. Terminix Int'l Co., 17 F .3d 1282, 1285 (10th Cir. 1994) (internal quotes omitted).

Plaintiff asserts she discovered new evidence in this case on December 18, 2012 which, apparently, she believes justifies relief from judgment. (Pl. Mots. 5) (citing Docs. 16 & 19 filed, respectively, on January 4 and January 8, 2013). Neither in her motion for reconsideration nor in her earlier filings did Plaintiff identify the evidence which she had newly discovered. Therefore, even at this time, the court may only speculate whether Plaintiff was diligent in discovering the evidence, whether the new evidence was cumulative or material, and whether, if considered, the new evidence would produce a different result. Moreover, by Plaintiff's own admission the evidence was discovered on December 18, 2012 (Pl. Mots. 5), more than a month before Judgment was entered in this case.

A party may be entitled to relief from judgment based on fraud, misrepresentation or misconduct of an adverse party. Fed. R. Civ. P. 60(b)(3). "When alleging a claim of fraud on the court, the plaintiff must show by clear and convincing evidence that there was fraud on the court, and all doubts must be resolved in favor of the finality of the judgment." Weese v. Schukman, 98 F.3d 542, 552 (10th Cir. 1996). "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court." Id. at 552–53. "Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court." Id. at 553.

In a cryptic statement, Plaintiff asserts, "The U.S. Government should take responsibility for the lies that they have purported upon [Plaintiff], which have caused her injuries." (Pl. Mots. 5). To the extent Plaintiff may be asserting in this statement that the defendant was guilty of fraud, she provides no evidence, much less, clear and convincing evidence of the existence of such fraud.

Withe regard to the grounds for relief from judgment provided in Rule 60(b)(4, 5, & 6), the court sees no argument relating to these grounds in Plaintiff's motion for reconsideration, and the court finds no basis in the record or in Plaintiff's motion to find the exceptional circumstances warranting relief under Rule 60(b). Therefore, Plaintiff's motion for reconsideration is denied.

## II. Motion For Extension of Time to File Notice of Appeal

In her motion for extension of time to file a notice of appeal from the court's judgment entered on January 25, 2013, Plaintiff provides a litany of facts and circumstances between January 28, 2013 and March 14, 2013 dealing with Plaintiff's health, her issues with adjustment disorder, negative occurrences in her life, her assistance to close family member, her attempts to secure legal representation, and her efforts with regard to assisting or visiting a son who is incarcerated. (Pl. Mots. 2-4). Plaintiff's motion also reveals confusion regarding where her Notice of Appeal should be filed. (Pl. Mots. 1) (noting that she contacted the Tenth Circuit Court of Appeals for further relief). As noted above, the Commissioner makes no objection to Plaintiff's motion for extension of time. (Comm'r Response 2, n.2).

Rule 4(a)(5) of the Federal Rules of Appellate Procedure provides that the district court may extend the time to file a notice of appeal if the party "shows excusable neglect or good cause." Courts consider four factors in determining whether excusable neglect or good cause for an extension of time to file a notice of appeal exists: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); see also Morton v.

Progressive N. Ins. Co., 498 F. App'x 835, 838 (10th Cir. 2012) (citing the factors articulated in Pioneer Inv. Servs. Co.).

Here, the court finds that all four factors favor a finding of good cause and an extension of time. First, the Commissioner does not object to an extension of time and there is little danger, if any, of prejudice to her. The length of delay and its potential impact on judicial proceedings is minimal. Plaintiff filed her request for extension of time before the time for appeal had expired and this case is a Social Security Disability appeal wherein the administrative record before the Commissioner has already been filed with this court and there is little danger that the minor delay caused by an extension of time will have any impact on the proceedings. Plaintiff has explained the reasons for the delay, and although some of the reasons might have been within her control, most of the reasons were beyond her control: dealing with health issue, issues with her adjustment disorder, and dealing with the state department of corrections regarding her incarcerated son. Finally, there is simply no indication Plaintiff failed to act in good faith seeking an extension of time. The court finds good cause to grant an extension of time.

The remaining question is how much time to grant. That question also is answered by the Rules of Appellate Procedure. Rule 4(a)(5)(C) instructs that "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Because a United States agency is a party to this case, the prescribed time to file a notice of appeal ended 60

days after the court entered judgment on January 25, 2013. Fed. R. App. P. 4(a)(1)(B). The prescribed time to file a notice of appeal, therefore, ended on March 22, 2013. Thirty days after that prescribed time was April 21, 2013, and that time is past. Therefore, in accordance with the rule, the court may only grant an additional 14 days after this order is filed for Plaintiff to file her notice of Appeal. It will do so.

The court cautions Plaintiff that "an appellate court acquires jurisdiction of an appeal only upon the timely filing of a notice of appeal." Certain Underwriters at Lloyds of London v. Evans, 896 F.2d 1255, 1256 (10th Cir. 1990). Therefore, Plaintiff is cautioned that she must file her notice of appeal with this court no later than fourteen days after this order is filed because Rule 4(a)(5)(C) provides no authority for further extension of time to accomplish such filing. To aid Plaintiff in her preparation of a notice of appeal, the court has provided a copy of "Form 1. Notice of Appeal to a Court of Appeals From a Judgment or Order of a District Court" from the Federal Rules of Appellate Procedure as an attachment to this order.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time to file a notice of appeal (Doc. 28) is GRANTED, and Plaintiff shall have an additional fourteen days from the date this order is filed to file a notice of appeal with this court.

Copies of this order shall be provided to Plaintiff and to counsel of record for the Commissioner.

Dated this 25th day of April 2013, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**